Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7328 | **DATE** | 7/12/2001 |
| **CASE TITLE** | US ex rel. Melvin Wilson vs. Kenneth R. Briley | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Wilson's petition for a writ of habeas corpus. In addition, we deny his motion (Doc 22-1) for leave to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | 24 |
| | Notices mailed by judge's staff. | JUL 1 3 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 12 PM 3:00 | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel,  )
MELVIN WILSON,                    )
                                  )
            Petitioner,            )
                                  )
    vs.                           )    00 C 7328
                                  )                    **DOCKETED**
KENNETH R. BRILEY,                )                    JUL 1 3 2001
                                  )
            Respondent.            )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Petitioner Melvin Wilson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we deny Wilson's petition.

### BACKGROUND

An indictment charged petitioner Melvin Wilson ("Wilson") and Clifford Horne ("Horne") with the murders of Ralph Dixon and Crystal Knight. Horne entered a negotiated plea and received concurrent 25-year sentences of imprisonment for rape and murder in exchange for his testimony against Wilson. Wilson's first trial ended when a mistrial was declared. His second trial resulted in a guilty verdict which was reversed when the appellate court determined that the trial judge excluded relevant, material evidence regarding other people who could have committed the murder. The

third trial commenced on August 19, 1987, and the jury convicted Wilson of two counts of first degree murder. The court sentenced Wilson to imprisonment for natural life. Wilson is currently in the custody of Respondent Kenneth R. Briley, Warden of Stateville Correctional Center in Joliet, Illinois.

While awaiting trial, Wilson shared a cell with Bobby Tate ("Tate"). During this time, Tate wrote a letter to the State claiming that Wilson had confessed the murders to Tate but planned to pin the blame on someone else. (Exh. E at 271.) Only on the day before the trial did the State apprise defense counsel of its intent to call Tate as a witness. Defense counsel moved to exclude the testimony due to the State's failure to provide notice in a timely manner. When this motion was denied, defense counsel moved for a continuance. This too was denied. Tate later testified that Wilson admitted to him his involvement in the murders. (Id. at 272.)

On May 4, 1988, Wilson appealed his convictions and sentence to the Illinois Appellate Court, claiming that the trial court abused its discretion by allowing Tate to testify at trial or, in the alternative, by denying Wilson's motion for a continuance. (Def. Exh. B.) The Illinois Appellate Court held that the State's failure to inform defense counsel of Wilson's alleged admission upon receipt of Tate's letter violated Illinois Supreme Court Rule 412(a)(ii). (Id. at 273.) Despite this violation, however, the trial court did not abuse its discretion in refusing either to bar Tate's testimony or

grant a continuance. (Id.) The court's ameliorative actions eliminated any prejudice caused by the state's discovery violation. (Id.)

Wilson filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court on November 28, 1988. (Exh. F.) The Illinois Supreme Court denied the PLA on February 23, 1989. (Exh. G.)

Wilson then initiated his quest for post-conviction relief by filing a pro se petition on December 2, 1991. (Exh. H.) The petition stated numerous grounds for relief. Wilson resurrected the events giving rise to the alleged violation of Rule 412, arguing additionally that those events comprised a violation of his Sixth Amendment right to "adequately prepare and defend against his accusers." (Exh. H at 2.) Furthermore, Wilson claimed that the trial court erroneously excluded evidence that Wilson was being tried a third time. The petition also attacked the State for failing to cure testimony that the State knew was perjured, using the perjured testimony of witnesses Leroy Givens and William Campbell during the rebuttal argument, elaborating in rebuttal on testimony which Wilson was precluded from admitting into evidence, and making improper comments during the closing argument. Wilson also alleged errors by the trial court in overruling Wilson's objections during rebuttal, as well as improprieties with respect to former co-defendant turned witness Clifford Horne. Finally, the petition asserted several claims against defense counsel: failing to make more than a cursory inquiry into Wilson's alibi, failing to impeach Tate, and

preventing Wilson from giving reasonable explanation as to how his fingerprints got on the victim's television set. On January 6, 1992, the State moved to dismiss the Petition. (Exh. I at 1.) The trial court dismissed the petition on January 10, 1992, finding that it was frivolous and lacking sufficient constitutional issues. (Id. at 2.)

The Appellate Court reversed the trial court's decision because the opinion was issued outside of the statutory time period mandated by Illinois' Post-Conviction Hearing Act. (Exh. I at 2.) Wilson filed a remand petition requesting a hearing. (Exh. M at 2.) His attorneys noted that the "crux" of his petition concerned the claim that trial counsel was ineffective for failing to impeach Tate, and the petition mentioned other collateral issues. (Id.) The State moved to dismiss the petition without an evidentiary hearing. (Id.) During the hearing on the State's motion, the parties failed to discuss the alleged perjury of witness Campbell. The trial court granted the State's motion to dismiss. (Id.)

Wilson appealed the dismissal of his petition without an evidentiary hearing. (Exh. M at 3.) He claimed he made a substantial showing of (1) ineffective assistance of counsel for failure to impeach Tate, and (2) the State's use of perjured testimony from Campbell. (Id.) The Appellate Court rejected the first ground but remanded the second ground to the trial court because Campbell was mentioned in the post-conviction petition but not in the supplemental filings nor during the hearing on the State's motion to dismiss. (Id. at 4-5.)

On remand, Wilson filed an amended post-conviction petition. (Exh. N.) The petition addressed primarily the State's alleged use of Campbell's perjured testimony as a violation of due process under both the state and federal Constitutions. (Exh. N.) In addition, the petition claimed for the first time that Leroy Givens communicated improperly with a witness. (Id.) Pursuant to a motion by the State, the trial court dismissed the petition because Campbell's testimony was not substantive, was collateral to the issues and was cumulative. (Exh. O.) Furthermore, the court noted that Wilson must establish that the State knowingly used the perjured testimony; otherwise, no Constitutional violation can lie. (Id.)

Wilson appealed the dismissal, presenting the lone issue of whether the trial court erred in not granting him an evidentiary hearing on his claim that his due process rights under the state Constitution were violated by the presentation of Campbell's perjured testimony. (Exh. P at 2, 13-14.) Importantly, the appeal did not raise claims of violations under the federal Constitution. In an unpublished order issued September 7, 1999, the Appellate Court affirmed the trial court. (Exh. S.) According to the Appellate Court, Wilson failed to establish that the State knew the testimony was perjured or lacked diligence in investigating whether the testimony was false.

Wilson filed a PLA premised on the sole claim that he should have been afforded an evidentiary hearing on his petition for post-conviction relief because he made a substantial showing of the denial of his due process rights under the Illinois

Constitution due to the use of perjured testimony against him. (Exh. T.) The Illinois Supreme Court denied the PLA. (Exh. U)

Wilson next filed a petition for a writ of habeas corpus on November 21, 2000, asserting five grounds. First, Wilson claims it was error for the trial court to have denied him an evidentiary hearing regarding the allegedly perjured testimony of witnesses Horne, Tate and Campbell. Second, he argues that the use against him of his alleged statements to cellmate Tate violated his rights under the Sixth Amendment. Third, he contends that the State knowingly permitted Tate to present false testimony. Fourth, he alleges that the State had a duty not to rely on Horne's testimony because it was inconsistent with Horne's prior statements. Fifth, and finally, Wilson believes that witness Leroy Givens committed the crime of "communicating with a witness." The State responds that Wilson's claims are procedurally defaulted.[1] We agree.

## LEGAL STANDARD

Section 2254 of Title 28 of the United States Code governs Wilson's petition. In particular, subsection (d) of section 2254 governs the consideration of any claim adjudicated by a state court on its merits. See Lindh v. Murphy, 96 F.3d 856, 868-71

---

[1] Despite having received an extension of time, Wilson did not file a reply to the State's brief. On June 26, 2001, presumably after having read the State's brief, Wilson filed a motion for leave to file an amended complaint "so that he may delete any claims that are not fully exhausted." We deny the motion because the existence of unexhausted claims in his petition would not affect the validity of other claims. Moreover, as this opinion explains below, the petition must be dismissed for the independent reason that the claims have been procedurally defaulted.

(7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997). Under section 2254(d)(1), habeas relief may be awarded only if the state court's adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under subsection (d)(2), habeas relief is possible only if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. See id., citing § 2254(d)(2). The "unreasonable application" exception of § 2254(d)(1) applies to mixed questions of law and fact, and thus where the state court offers "a responsible, thoughtful answer" after furnishing a "full opportunity to litigate" the question, a federal court on habeas review must accept that answer as "adequate to support the judgment." Lindh, 96 F.3d at 871.

A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief, however, unless the state courts have had a full and fair opportunity to review them. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1131-32 (7th Cir. 1990). As the Seventh Circuit explains:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries-whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer is "no," the petition is barred either for failure to exhaust state remedies or for procedural default.

Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when no state remedies remain available to the petitioner. See Moore v. Parke, 148 F.3d 705, 708 (7th Cir. 1998). The separate doctrine of procedural default mandates the dismissal of habeas claims if the petitioner has either (1) failed to present a federal constitutional issue fairly to the state court system before raising it in the federal habeas proceedings, see Spreitzer v. Schomig, 219 F.3d 639, 644-45 (7th Cir. 2000) or (2) has presented an issue to the state court which has been rejected on an independent and adequate state law ground, see Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Put otherwise, in order to avoid procedural default, petitioners must raise the same claims in the state courts as are raised on habeas review. See Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996). Raising an issue for the first time in a discretionary appeal to the state's highest court is not sufficient to preserve the issue for habeas review. See Castille v. Peoples, 489 U.S. 346, 351 (1988).

These guiding principles are intended to permit the state courts a "'fair opportunity' to consider a question of constitutional import before federal collateral review on that question is appropriate." Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998) (internal quotations omitted). To satisfy this requirement, petitioners must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).

## DISCUSSION

In the case at bar, Wilson has exhausted his claims. He pursued both his direct and post-conviction appeals to the Illinois Supreme Court. However, he has procedurally defaulted his habeas claims by failing to raise them at the requisite stages. Ground one of the habeas petition alleges errors at trial flowing from the use of perjured testimony against him. The alleged perjurers are witnesses Clifford Horne, Bobby Tate and William Campbell. With respect to Horne, Wilson never asserted on direct or post-conviction appeals that the alleged perjury amounted to constitutional violations. Thus, the present claim of a federal constitutional violation is procedurally defaulted. As for Tate, although Wilson has challenged the State's use of Tate as a witness, he has never presented to any state court the claim that Tate perjured himself. Thus he is procedurally barred from raising such a claim in our forum. Finally, with respect to Campbell, Wilson styled the claim of perjury in his appeal of the denial of his petition for post-conviction relief as a violation of his rights under the Illinois Constitution. (Exh. P at 2, 13-14.) To the extent his instant habeas claims relies on the Illinois Constitution, we cannot entertain it because our jurisdiction lies only for violations of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2254(a). To the extent Wilson now attempts to state a claim under the United States Constitution, it is procedurally defaulted because it was never presented to the state appellate court. Consequently, Ground One of the petition is procedurally defaulted.

The second ground of the petition pertains to Wilson's allegedly incriminating statements to his cellmate Tate. Wilson characterizes the use of these statements against him as a violation of his Sixth Amendment rights. Wilson's papers on direct appeal are silent as to this issue. It surfaces as one of the dozen asserted grounds in his first petition for post-conviction relief which was dismissed as frivolous but then revived due to a procedural error. It does not resurface in his subsequent petitions to the trial court, however. Instead, Wilson and his counsel pressed only the alleged use of perjured testimony by Campbell. Accordingly, this issue too is procedurally defaulted.

Next, Wilson asserts that the State knowingly allowed Tate to present perjured testimony. Of the many allegations Wilson has made regarding Tate, he has never presented a claim of perjury by Tate and pressed it through an entire round of the appellate process. Consequently, the claim is procedurally defaulted.

Nor can Wilson prevail on the fourth or fifth grounds of his petition. The fourth claim has never been presented to any state court, much less been subjected to one complete round of the state's appellate process. As for the fifth ground, it appeared once in Wilson's amended petition for post-conviction relief but was never pursued in the appellate forum. As a result, both grounds are procedurally defaulted.

If claims are procedural defaulted, as Wilson's claims are, they are not cognizable in a federal habeas proceeding unless the petitioner can either demonstrate

"cause and prejudice" or show that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Wilson has not endeavored to make either showing. Consequently, these avenues cannot save his petition.

## CONCLUSION

For the foregoing reasons, we deny Wilson's petition for a writ of habeas corpus. In addition, we deny his motion for leave to file an amended complaint.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: July 12, 2001